CARRIE MYHILL, Respondent, v. HANNAH BOGARDUS, as Administratrix of EDGAR Z. PELLS, Deceased, Appellant.

*Myhill* v. *Pells*, 19 App. Div. 628, affirmed.
(Argued November 14, 1900; decided March 26, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 24, 1897, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

*John G. Milburn* and *L. M. Sherwood* for appellant.

*Stanley E. Filkins* for respondent.

WERNER, J. The action was brought to recover damages for alleged breach of a promise to marry.  The allegations of the pleadings were directed to that single issue.  Upon the trial the plaintiff was permitted to testify to facts which were designed to prove the seduction of the plaintiff by the defendant under a promise of marriage.  This latter evidence was

so intermingled with the narrative, which related solely to the promise of marriage, that a part of it had been received before any objection was taken. At this juncture the defendant's counsel said to the court: "I desire to object to this evidence. I object to it as incompetent, inadmissible under the pleadings," to which the court responded: "The objection is overruled. You want an exception, I suppose?" and to this the defendant's counsel replied: "Yes, sir." The plaintiff then continued that part of her story which bore upon the alleged seduction. Upon its conclusion the plaintiff was asked the following question: "Q. Miss Myhill, up to this time you may state whether you had been a virtuous girl?" "A. 1 had." Thereupon defendant's counsel said: "Your Honor will permit this to be taken under my objection that it is not within the pleading?" By the court: "Yes, sir." By defendant's counsel: "And give me an exception."

Upon these exceptions the learned counsel who argued this case for the appellant before us raises the highly interesting question whether, in an action for damages for an alleged breach of promise to marry, the plaintiff may be permitted to recover special damages for alleged seduction when the same is not pleaded in her complaint.

We regret that the view which we take of this record precludes an examination and discussion of the question so ably and instructively presented to us. We do not think it is clearly and fairly raised by the exceptions taken. The first objection did not specify the particular part of plaintiff's testimony which defendant's counsel desired to have excluded, and as a portion of it was clearly admissible, the exception is unavailing. It is to be observed, moreover, that both objections were taken after the answers had been given, and, as there was no motion to strike out the improper part of the evidence, the objection to its reception and the exception to the ruling are not available. (*Parsons* v. *N. Y. C. & H. R. R. R. Co.*, 113 N. Y. 355; *Platner* v. *Platner*, 78 N. Y. 102.)

The judgment should be affirmed, with costs.

O'BRIEN and CULLEN, JJ. (and LANDON, J., in result) concur; PARKER, Ch. J., and GRAY, J., dissent on the grounds that the counsel for the defendant, by proper objection and

exception, fairly raised the question whether evidence of seduction under promise of marriage can be given in an action to recover damages for a breach of such promise, where the complaint does not allege seduction ; and that the court erred in its ruling admitting the evidence, inasmuch as the complaint contained no allegation on the subject, and hence the judgment should be reversed ; HAIGHT, J., not voting.

Judgment affirmed.